*Non constat*, but that all of it was used in paying valid and subsisting obligations of the firm.

We think the judgment was right and that it should be affirmed, with costs to the respondents Heckscher.

VAN BRUNT, P. J., RUMSEY and PATTERSON, JJ., concurred; INGRAHAM, J., concurred on the ground that the general assignment was not fraudulent.

Judgment affirmed, with costs to the respondents Heckscher.

---

HELENE BAKER, Respondent, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

*Negligence — passenger seated in a railroad train struck by a hook attached to a derrick boom which had been swung over the tracks — what is not an excessive verdict.*

The boom attached to a derrick used by a contractor in changing a portion of the tracks of a railroad having been swung over the tracks, a hook attached to the block on the boom came in contact with one of the cars of a swiftly-moving train and, rebounding, crashed through a car window and injured a passenger.

In an action brought by the passenger against the railroad company to recover for the injuries thus sustained, the evidence tended to establish the fact that, when the boom began to move over the tracks, the train was not in sight; that after it had been moved over the tracks it could have been seen by the persons in control of the train for a sufficient length of time to have enabled them to

stop the train and thus avoid the collision; that the train was running at a high rate of speed, and that the watchman, who had theretofore been stationed at that point to warn approaching trains when the boom was over the tracks, was absent from his post of duty.

*Held*, that, considering the speed with which the train was at the time running, in connection with the circumstances of the accident, the question of the defendant's negligence was properly submitted to the jury;

That, the jury being entitled to find, under the testimony, that the plaintiff, a woman more than thirty-three years of age, and in good health, was not only very seriously but was permanently injured, a verdict for $8,000 was not excessive.

APPEAL by the defendant, The New York, New Haven and Hartford Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of November, 1897, upon the verdict of a jury for $8,000, and also from an order entered in said clerk's office on the 3d day of November, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Henry W. Taft*, for the appellant.

*John J. Crawford*, for the respondent.

McLAUGHLIN, J.:

This action was brought to recover damages for personal injuries sustained by the plaintiff while a passenger in one of the defendant's cars, by reason of the alleged negligence of its servants. The plaintiff had a verdict, and from the judgment entered thereon and the order denying a motion for a new trial the defendant has appealed. It insists that the judgment should be reversed (1) because it is contrary to and against the weight of evidence, and (2) because the damages are excessive.

On the morning of the 17th of April, 1895, the plaintiff entered one of the defendant's cars at Mount Vernon, a station on the defendant's road, for the purpose of going to the city of New York. The train, of which this car was a part, was about 300 feet in length, and consisted of a locomotive, tender, smoking car and three passenger coaches. The plaintiff was seated in the middle of the rear coach and the train proceeded until it reached Fourth avenue in said city, when the car in which she was sitting came in contact with a

derrick, which was at that point being used by a contractor in changing or reconstructing a portion of the tracks or roadbed. The derrick was located some eighteen feet from the tracks on which the train was running, and had been used for several days prior to that time. It consisted of a mast some thirty-seven feet high, with a boom of about the same length, which was attached to the mast about eighteen inches above the ground. To the end of the boom was fastened a block of considerable weight with a heavy iron hook attached to it. When the boom was lowered and swung towards the tracks it extended over them. On the day in question, just prior to the accident, the boom was lowered and swung over the tracks and the hook suspended from the block came in contact with one of the cars of the train, and was then, or on the rebound of the boom which was forced outward, thrown through the window and against the plaintiff, inflicting the injuries of which she complains. The evidence offered by the plaintiff on the trial tended to establish that when the boom began to move over the tracks the train was not in sight; that after the boom had been moved over the tracks it could have been seen by the persons in control of the train a sufficient length of time to have enabled them to stop the train and thus avoid the collision; also, that the train was running at a high rate of speed and that the watchman, who had theretofore been stationed at that point to warn approaching trains when the boom was over the tracks, was absent from his post of duty.

The use of the derrick in such close proximity to the tracks and the fact that the boom was at times operated in such a way that it might come in contact with passing cars, was so obviously dangerous that it called upon the defendant when passing that point to exercise the greatest care to prevent its passengers being injured. It was bound to regulate the speed of its trains, having in view the fact that the boom might be encountered at that place. This was the obligation resting on the defendant and this was the duty which it owed to the plaintiff. Considering, therefore, the speed with which this train was at the time running, in connection with the circumstances of the accident, it seems to us to indicate that with proper care on the part of the defendant the collision could have been prevented and the injuries sustained by the plaintiff avoided. We think the question of the defendant's negligence was properly

submitted to the jury, and the conclusion reached by them is neither contrary to nor against the weight of evidence.

It is urged that the damages awarded were excessive. The amount of the verdict was $8,000, and if the jury believed the testimony given by the plaintiff's witnesses, she was not only very seriously but permanently injured. She was, at the time, thirty-three years of age, in good health, and it cannot be said, under such circumstances, that the amount awarded was any too much. Whether the plaintiff's present condition was entirely due to the blow from the hook or whether her injuries were as serious as claimed was a question for the consideration of the jury. After a careful consideration of all the evidence, we do not feel justified in interfering with the verdict.

The judgment and order appealed from must, therefore, be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, PATTERSON and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.